THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GRACIELA RODRIGUEZ, CHARLES STEVENS, KHALID SALAHUDDIN, and NATHAN ALEXANDER, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEVEN MACH, in his official capacity as Chairman of the Texas Department of Public Safety Commission; STEVEN McCRAW, in his official capacity as Director of the Texas Department of Public Safety; SKYLOR HEARN, in his official capacity as Deputy Director of Administration and Services of the Texas Department of Public Safety; AMANDA ARRIAGA, in her official capacity as Division Director of the Driver License Division of the Department of Public Safety; GREG ABBOTT, in his official capacity as Governor of Texas;<br><br>    Defendants. | Case No. 5:18-cv-01265-XR<br><br>**PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS** |

  Plaintiffs respectfully request that this Court issue a 90-day stay of proceedings following the Effective Date of HB 2048, legislation aimed at repealing the Driver Responsibility Program that is the subject of this case, especially in light of new information that the new statutory scheme may be effectively identical to the prior regime. Plaintiffs are in receipt of information from class members (and the Defendants' agents at the Department of Public Safety) that raises new questions about the implementation of the new legislation. Plaintiffs propose a 90-day

1

period to assess whether constitutional infirmities endure under the new statutory scheme and so that the Parties may better assess their positions on mootness after a short period of implementation. Plaintiffs have conferred with Defendants, who oppose this motion.

### Plaintiffs' Motion for Stay of Proceedings Pending Enforcement of HB 2048

On June 24th 2019, the Parties filed a Joint Statement in response to the Court's request for their respective positions on HB 2048, recently-passed legislation repealing the Driver Responsibility Program ("DRP") that is the subject of this lawsuit. In the Joint Statement, Plaintiffs proposed a "forty-five (45) day stay of all proceedings following the Effective Date [September 1, 2019] to allow time for the State to implement HB 2048, and for Plaintiffs to observe the effectiveness of implementation and assess if there are any residual procedural impediments to license reinstatement[,]" after which the Parties would submit a joint status report with recommendations. *See* ECF No. 23 at p. 2. Defendants took no position on Plaintiffs' proposal for a stay of proceedings. *Id*.

Plaintiffs now respectfully move for this Court to issue a 90-day stay of all proceedings after the Effective Date of HB 2048, in light of information they have received from one of their Plaintiffs, Charles Stevens, and from several putative class members foreshadowing legal uncertainties and procedural impediments to license reinstatement for Texans under the new post-DRP legal scheme.

New provisions in the DRP repeal law are virtually identical to the DRP and may suffer from the same constitutional infirmities. Specifically, HB 2048 amended Texas' Transportation Code to include § 709.001, which states in part: "Except as provided by Subsection (c), *in addition to the fine prescribed for the specific offense*, a person who has been finally convicted of an offense relating to the operating of a motor vehicle while intoxicated shall pay a fine of: (1) $3,000 for the first conviction within a 36-month period; (2) $4,500 for a second or subsequent conviction within a 36-month period; and (3) $6,000 for a first or subsequent conviction." *See* Ex. 1, HB

2048 Enrolled Bill Text, pp. 12–13 (emphasis added). The provision of § 709.001 that provides for $3,000 in fines over a 36-month period for an underlying driving while intoxicated ("DWI") offense is materially identical to the DRP surcharge provision for the same offense. *See* Tex. Transp. Code § 708.102 ("[T]he amount of the surcharge under this section is $1,000 per year" for a "36-month period"). The new fines imposed on individuals with DWI offenses under § 709.001 are levied *in addition to* the fines for the offense itself, and there appear to be no additional procedural protections or ability-to-pay provisions in the new statutory scheme. In this sense, the DRP has been preserved for individuals with DWI offenses.

Plaintiffs have cause to believe that implementation of the replacement statutory scheme is uncertain — even amongst Department of Public Safety officials themselves — and may contain some of the same Due Process and Equal Protection concerns Plaintiffs have raised against the DRP. Plaintiff Charles Stevens[1] recently visited a DPS center in San Antonio to ensure he would be eligible to apply for a driver's license on September 1st, 2019, and was informed that his eligibility is uncertain due to new provisions § 709.001. The DPS agent informed Mr. Stevens she was unsure whether he would be eligible for license reinstatement on or after September 1st, 2019 due to the nature of his DRP-eligible offense. In addition, several individuals subject to the DRP have reached out to Plaintiffs' counsel expressing confusion or concern over their eligibility to apply for a driver's license on September 1st, 2019, due to outstanding fines and fees, including those that stem from their DRP-related license suspensions (for instance, fines imposed for driving while license suspended).

---

[1] While Mr. Stevens was, at one point, able to borrow enough money to enter into a DRP surcharge installment payment plan for a short period, he has fallen into default due to inability to pay, and his license has been re-suspended under the DRP. *See* Ex. 2, Stevens DPS Documents. As Plaintiffs' counsel explained at the motion to dismiss hearing, this is not abnormal for impoverished drivers. Because a license is critical to maintaining employment and carrying out daily life activities, many indigent people find a way to scrape together the money needed to conditionally reinstate their license, however, Defendants' installment plans are often not sustainable for these drivers.

Because a district court has "broad discretion to stay proceedings in the interest of justice and to control its docket," this Court should stay proceedings, and not dismiss for mootness, while the potentially mooting event (the DRP repeal) is being evaluated for consistency with Plaintiffs' challenge to the DRP. *See Nevada v. United States Dep't of Labor*, 227 F. Supp. 3d 696, 698 (E.D. Tex. 2017) (*citing Landis v. N. American Co.*, 299 U.S. 248, 254 (1936)). Because DPS officials appear not to know how the mooting event will be implemented — including whether or not new provisions of the repeal law will act as virtually identical impediments to license reinstatement — this case should be stayed for a ninety day period rather than presumed moot. If this case is presumed moot, Plaintiffs will be prejudiced by the uncertainty of the DRP repeal's implementation (evidenced by the interpretation of Defendants' own agents). Plaintiffs, their counsel, and Defendants' counsel have spent dozens of hours investigating and litigating this case for approximately nine months. If the case is declared moot — and yet the same constitutional defects found in the DRP to continue to operate as a barrier to individuals' property interests in their driver's licenses under the new statutory scheme — Plaintiffs will be without recourse, or they will have to relitigate much of the same issues in the same forum, starting from square one.

In the interests of justice and "economy of time for [the Court], for counsel, and for litigants," Plaintiffs respectfully request that proceedings be stayed ninety days after the Effective Date of HB 2018 to ensure their constitutional challenges to the DRP scheme are indeed moot. *See Landis*, 299 U.S. at 254. Once Plaintiffs have had the opportunity to assess the effects of the DRP repeal, they will be able to either (a) more fully and accurately brief mootness with concrete information about the new legislation's practical effects, (b) determine

that the DRP repeal has indeed mooted their constitutional challenge, or (c) seek to amend their Complaint to reflect a post-repeal state of affairs that continues to require judicial review.

            Respectfully submitted,

            */s/ Phil Telfeyan*
            Phil Telfeyan
            District of Columbia Bar No. 1029157 (*pro hac vice*)
            Marissa K. Hatton
            District of Columbia Bar No. 219291 (*pro hac vice*)

            Equal Justice Under Law
            400 7th Street NW, Suite 602
            Washington, D.C. 20004
            (202) 505-2058
            ptelfeyan@equaljusticeunderlaw.org
            mhatton@equaljusticeunderlaw.org

            Brian McGiverin
            Texas Bar No. 24067760

            Austin Community Law Center
            2221 Hancock Drive
            Austin, TX 78756
            Telephone: (512) 596-0226
            Fax: (512) 597-0805
            brian@austincommunitylawcenter.org

            *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2019, I served the above document through the Clerk of the Court's ECF system, which will provide copies to all counsel of record.

            */s/ Marissa Hatton*
            Marissa Hatton
            Attorney for Plaintiffs